IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00085-BNB

DAWANE MALLETT,

Applicant,

v.

RANDY DAVIS, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 2 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO
FILE PRELIMINARY RESPONSE IN PART

---

Applicant, Dawane Mallett, is a prisoner in the custody of the Bureau of Prisons and is currently incarcerated at the United States Penitentiary Administrative Maximum (ADX). Mr. Mallett initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Mallett is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110.

In the Application, Mr. Mallett challenges his placement at ADX and the BOP's refusal to release him to a halfway house. On February 2, 2010, Magistrate Judge Boyd N. Boland determined that the Application was repetitious because Mr. Mallett was raising similar claims in another habeas corpus action that was pending before the Court. **See Mallett v. Davis**, No. 09-cv-03013-BNB (D. Colo. filed Dec. 18, 2009). Magistrate Judge Boland noted that repetitious litigation of virtually identical causes of

action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). Accordingly, he ordered Mr. Mallett to show cause why the action should not be dismissed as repetitive of 09-cv-03013-BNB.

Mr. Mallett filed a response to the Order to Show Cause on February 10, 2010. Mr. Mallett concedes that the claims he raises in the instant action are "nearly identical" to the claims he raises in 09-cv-03013-BNB. Response at 1. However, Mr. Mallett appears to argue that there are subtle differences between the claims he raises here and the claims raised in 09-cv-03013-BNB. *Id.* at 2-3. Having reviewed the claims Mr. Mallett asserts in 09-cv-03013-BNB, the Court finds that two of the claims raised in that action are identical to two claims he raises here. In claim two of this action, Mr. Mallett asserts that the BOP is violating his right to be free from cruel and unusual punishment based upon its treatment of prisoners with mental illnesses. Application at 3. This claim is virtually identical to the second claim that Mr. Mallett raises in 09-cv-03013-BNB. In claim three of this action, Mr. Mallett asserts that the BOP is violating the Second Chance Act, and his due process rights, by refusing to place him in a halfway house. *Id.* at 4. This claim is again virtually identical to the third claim that Mr. Mallett raises in 09-cv-03013-BNB. Accordingly, because claims two and three are repetitious of claims two and three raised in 09-cv-03013-BNB, the Court will dismiss these claims.

However, in claim one of this action, Mr. Mallett asserts that ADX prison officials are "in the practice of creating their own supermax program at the USP Florence" by segregating certain inmates in more restrictive conditions. *Id.* In claim one of 09-cv-03013-BNB, Mr. Mallett asserts that he was not provided a due process hearing prior to his transfer to ADX. Accordingly, because the first claim that Mr. Mallett raises in this

2

action is not repetitive of any claim that he asserts in 09-cv-03013-BNB, the Court will proceed with addressing the merits of only claim one.

As part of the preliminary consideration of the Application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate. Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. Rule 1(b) of the Section 2254 Rules applies the rules to 28 U.S.C. § 2241 habeas corpus actions.

If Respondent does not intend to raise either of these affirmative defenses, Respondent must notify the Court of that decision in the Preliminary Response. Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order. In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court. Accordingly, it is

ORDERED that Claims Two and Three are dismissed without prejudice. It is

FURTHER ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response.

DATED at Denver, Colorado, this __12th__ day of __March__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00085-BNB

Dawane Mallett
Reg No. 13944-097
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

Randy Davis, Warden,
c/o Christopher B. Synsvoll
Attorney Advisor
**DELIVERED ELECTRONICALLY**

United States Attorney General - **CERTIFIED**
Room 5111, Main Justice Bldg.
10th and Constitution, N.W.
Washington, D.C. 20530

United States Attorney
District of Colorado
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Chris Snysvoll for service of process on Randy Davis; The United States Attorney General; and to the United States Attorney's Office: APPLICATION FOR WRIT OF HABEAS CORPUS FILED 1/15/10 on 3/12/10.

                                  GREGORY C. LANGHAM, CLERK

                                  By: _____
                                         Deputy Clerk