IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00085-MSK-MEH

DAWANE MALLETT,

           Applicant,

v.

RANDY DAVIS, Warden,

           Respondent.

---

## OPINION AND ORDER DENYING APPLICATION FOR
## WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2241

---

**THIS MATTER** comes before the Court on Petitioner Dawane Malletts' Petition for

Writ of Habeas Corpus **(#2)**; the Government's Response **(#17)**; and Mr. Mallett's Traverse

**(#18)** and affidavit **(#19)**.  Having considered the same,[1] the Court **FINDS** and **CONCLUDES**

the following.

### I.   Jurisdiction

---

[1]   In evaluating Mr. Mallett's pleadings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim.  Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Mr. Mallett asserts jurisdiction pursuant to 28 U.S.C. § 2241.  The Respondent contests jurisdiction.  Accordingly, the Court exercises its inherent authority to determine its own jurisdiction pursuant to § 2241.  *See United States v. Ruiz*, 536 U.S. 622, 628 (2002).

## II.   Material Facts

Mr. Mallett is incarcerated at the United States Penitentiary - Administrative Maximum ("ADX") in Florence, Colorado, which is the Bureau of Prisons' most secure type of facility.  In this action, Mr. Mallett challenges a portion of the ADX's "Step-Down Program."[2]  This program allows an offender housed at ADX to move towards placement in a general population facility (that is, outside the ADX facility), with a showing of good behavior.  As the offender progresses through the three-step program, he or she moves through two step-downs units at ADX, with increasing degrees of personal freedom at each step.  The third and final step is placement in the "Delta-Bravo Unit", which is the pre-transfer unit at United States Penitentiary - Florence ("USP-Florence").

In this action, Mr. Mallett contends that the placement of prisoners in the Delta-Bravo Unit violates their due process rights under the Fifth Amendment to the United States Constitution because the inmate, although housed at USP-Florence, do not have same rights and privileges as other inmates housed at USP-Florence who are not in the Delta-Bravo Unit.  He maintains that upon transfer to USP-Florence, prisoners are entitled to be placed directly in the general population with all the rights and privileges that accompany that placement.  Mr. Mallett, however, has not been transferred to the Delta Bravo Unit, nor has he ever been a participant in

---

[2]  Mr. Mallett initially brought two other claims in his Application, but these were dismissed (**#10**) as duplicative of claims Mr. Mallett had brought in another action, 09-cv-03013-BNB.

2

the Step-Down Program.

### III.   Issue Presented

Respondent argues that the Application should be denied because Mr. Mallett's complaints are not the proper basis for a habeas petition, that Mr. Mallett has no standing to raise the claim, and because the claim is not ripe. Mr. Mallett responds merely by reasserting that placement in the third step of the Step-Down Program is unconstitutional.

### IV.   Analysis

Turning first to whether Mr. Mallett's claim is properly raised pursuant to § 2241, it is helpful to consider the nature of a § 2241 proceeding. A § 2241 habeas proceeding is generally an attack by a prisoner regarding the legality of the fact of his or her custody, *i.e.*, the execution of the sentence. *See McIntosh v. United State Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Accordingly, the remedy typically sought by the petitioner is the release from unlawful custody. *See id.* (quoting *Preiser*, 411 U.S. at 484). Although an action under § 2241 may address certain matters that occur at a prison facility, it is not appropriate to use a § 2241 action to challenge the conditions of confinement, which suits are generally left to civil rights actions. *Id.* at 811–12. For example, in *Boyce v. Ashcroft*, 251 F.3d 911, 917–18 (10th Cir. 2001), the Tenth Circuit determined that an action by a federal prisoner regarding his transfer from one federal prison to another was not properly brought pursuant to § 2241. The Court reasoned that because the petitioner was not challenging the fact or duration of his federal custody but rather the conditions of his confinement, his claim was properly raised under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Although *Boyce* was later vacated as moot, the

Court applied *Boyce's* reasoning in *United States v. Garcia*, 470 F.3d 1001, 1002 (10th Cir. 2006), again finding that a prisoner's claim seeking transfer to another federal prison facility (as opposed to release from custody or a shortened period of incarceration) was not appropriately brought pursuant to § 2241 because it challenged the conditions of confinement and, therefore, should be brought as a *Bivens* action.

The type of claim asserted in *Boyce* and *Garcia* are functionally equivalent to the type of claim asserted by Mr. Mallett.  Mr. Mallett, although not contesting the placement between prisons, challenges an inmate's placement in a particular unit within a particular prison.  As such, it does not challenge the legality of his confinement, or the duration thereof, but rather challenges the conditions or restrictions imposed.  Accordingly, Mr. Mallett's claim is not properly brought under § 2241.

Even if Mr. Mallett's claim could be in some way be construed as a proper claim under §2241, *i.e.*, challenging the fact or duration of Mr. Mallett's incarceration, or the court were to construe it as a properly asserted *Bivens* claim, the Mr. Mallett lacks standing to challenge the Step-Down Program and the claim is not ripe.

Pursuant to Article III of the United States Constitution, a federal court only has jurisdiction over claims that present a "case or controversy."  *See Summers v. Earth Island Inst.*, 129 S.Ct. 1142, 1148–49 (2009).  A live, concrete controversy is essential to the Court's subject-matter jurisdiction; without it, the Court lacks the power to adjudicate the claim(s).  *See Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008).  The plaintiff, as the party invoking the jurisdiction of the court, bears the burden of making a sufficient showing of a case or controversy.  *See Day v. Bond*, 500 F.3d 1127, 1132 (10th Cir. 2007).  A number of

doctrines arise out of the case or controversy requirement; two are challenged here, standing and ripeness. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

To have standing, a plaintiff must have suffered an "injury-in-fact"—an actual or imminent, concrete and particularized invasion of a legally-protected interest. *ACLU of New Mexico v. Santillanes*, 546 F.3d 1313, 1317-18 (10th Cir. 2008). The injury must be causally connected and fairly traceable to the conduct of the defendant. *Id.*

Ripeness is a closely related concept, also focusing on whether the alleged harmed has matured to a point at which it can be adjudicated. *See Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1098 (10th Cir. 2006). A ripeness inquiry, however, centers on whether there are uncertain or contingent future events that may not occur as anticipated, or may not occur at all. *See id.* If such uncertainty in the facts of the case is present, then not only does the court lack subject matter jurisdiction over the claim, but also must stay adjudication of the claim based on prudential limitations until the facts are more concrete and settled. *See id.*

In this case, Respondent asserts that Mr. Mallett has never been a participant in the Step-Down Program and, as such, has never been transferred to the Delta-Bravo Unit at USP-Florence. Neither Mr. Mallett's Petition nor his Traverse provide any factual allegation or evidence to dispute this.[3] Without some showing that he has been transferred to the Delta-Bravo Unit at USP-Florence from ADX, Mr. Mallett's has not adequately shown that he has suffered an

---

[3] Mr. Mallett's Traverse (**#18**) is a refiling of Respondent's answer. His accompanying affidavit (**#19**) reasserts the allegations in his Petition. Neither provides factual allegations or evidence that he has ever been a participant nor that he is likely to be a participant in the Step-Down Program or placed in the Delta-Bravo Unit.

injury-in-fact.[4]  He therefore lacks standing to assert claims pertinent to Delta-Bravo Unit.

Because it is entirely uncertain whether Mr. Mallett will ever become a participant in the

Step-Down Program, let alone whether he will progress through all of the steps and be placed in

the Delta-Bravo Unit at USP-Florence.  Accordingly, his claims are not ripe for adjudication.

**IT IS THEREFORE ORDERED** that Petitioner Dawane Malletts' Petition for Writ of

Habeas Corpus (**#2**) is **DENIED**.[5]   The Clerk of Court shall enter judgment and close this case.

Dated this 6th day of December, 2010

BY THE COURT:

Marcia S. Krieger
United States District Judge

---

[4]  To demonstrate standing, it is not sufficient that Mr. Mallett assert that some other prisoners have been placed in the Delta-Bravo Unit.  Rather, to have standing to pursue his claim, he must assert specific facts linking the alleged deprivation with his own experiences or link the deprivations to his own injury.  *See Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993).

[5]  It is not clear to the Court whether 28 U.S.C. § 2253 requires the issuance of a Certificate of Appealability before Mr. Mallett may seek review of this ruling.  To the extent such a Certificate is necessary, the Court has considered the standards of *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and finds that Mr. Mallett has not made a substantial showing that his petition states a valid claim of the denial of a constitutional right, that the Court has jurisdiction over such claim, or that there was an actual denial of his constitutional rights such that reasonable jurists could disagree as to the disposition of his petition.  Accordingly, the Court also denies a Certificate of Appealability.